IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Northern Division

UNITED STATES OF AMERICA

v.     Criminal Action No. 2:24cr32

RICARDO MONTA HOLLEY,
        Defendant.

## **ORDER**

This matter[1] comes before the Court on four pretrial motions. The defendant's two motions in limine and motion to sequester government witnesses pend before the Court. (ECF Nos. 53, 54, 55.) The government also filed a motion in limine. (ECF No. 57.)

The defendant's first motion in limine seeks to prohibit the government from introducing at trial the "underlying facts to the defendant's prior felony convictions." (ECF No. 53, at 1.) The government must prove a prior felony conviction beyond a reasonable doubt in order to obtain a guilty verdict on Count Three. (*Id.*); *see* 18 U.S.C. § 922(g)(1). Holley accordingly requests that the Court admit a redacted judgment, without the names or details of his past offenses, to prove his prior felony conviction. (ECF No. 53, at 1–2); *see Old Chief v. United States*, 519 U.S. 172, 191 n.10 (1997). The government does not oppose this motion, but asks the Court to instruct the jury that a redacted judgment suffices for the government's burden on the past felony conviction element of Count Three. (ECF No. 66, at 1–2.)

---

[1] The defendant, Ricardo Monta Holley, faces charges of one count of possession with intent to distribute cocaine base (crack) and a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (ECF No. 1.)

Next, Holley moves to exclude evidence about alleged infractions while in pretrial custody. (ECF No. 54, at 1.) The defendant argues that this "unrelated conduct in a custodial environment," which occurred "months after the charged timeframe," is simply irrelevant to the instant case. (*Id.*, at 2); *see* Fed. R. Evid. 401. The United States "does not intend to elicit testimony or introduce evidence concerning these topics" unless "necessary to respond to the [d]efendant's evidence, testimony during cross-examination, or argument." (ECF No. 66, at 1.)

Holley further asks that the Court sequester all witnesses the government intends to call during trial, "with the exception of [the government's] chief investigating agent," pursuant to Federal Rule of Evidence 615. (ECF No. 55.) The government does not object to a sequestration order provided that the Court release witnesses after testifying. (ECF No. 67, at 1.)

Finally, the United States moves to admit Holley's state court guilty pleas to trafficking a controlled substance and possessing a firearm as a felon "as evidence that the [d]efendant did in fact possess narcotics and a firearm as charged" in this federal case. (ECF No. 57, at 4); *see* Fed. R. Evid. 801(d)(2). The government also moves to preclude Holley from "offering evidence of or argument on his potential sentence." (*Id.* at 4–5); *see* Fed. R. Evid. 401. Holley argues permitting the government to introduce his prior convictions as substantive evidence of his guilt on the instant charges would "create[] confusion and unduly create[] a propensity argument." (ECF No. 72, at 3–4); *see* Fed. R. Evid. 403.

Upon due consideration, the Court disposes of the pending motions as follows: First, the Court GRANTS the defendant's first motion in limine, (ECF No. 53.) Pursuant to *Old Chief*, 519 U.S. at 191, the government shall not introduce at trial the underlying facts of the defendant's prior felony convictions. The Court admits the proposed redacted judgment, and the Court shall provide an appropriate jury instruction on Count Three. Second, the Court GRANTS the defendant's

second motion in limine, (ECF No. 54.) The government shall not introduce at trial evidence concerning Holley's alleged custodial infractions, or concerning his conduct in custody more broadly, as such evidence does not have any probative value. *See* Fed. R. Evid. 401. Third, the Court GRANTS the defendant's motion to sequester the government's witnesses, (ECF No. 55.) With the exception of the United States' chief investigating agent, all witnesses shall be sequestered and excluded from the courtroom throughout the proceedings. *See* Fed. R. Evid. 615; *see, e.g.*, *United States v. Davis*, No. 7:17-CR-27-FL-1, 2018 WL 6112410, at *5 (E.D.N.C. Nov. 21, 2018) (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)). The Court shall dismiss witnesses as appropriate throughout trial.

Finally, the Court GRANTS IN PART the government's motion in limine, (ECF No. 57.) Holley shall not introduce at trial evidence or argument about his potential sentence because such evidence is irrelevant. *See* Fed. R. Evid. 401. As to Holley's state court guilty pleas for trafficking a controlled substance and possessing a firearm as a convicted felon, the Court will permit the government to introduce evidence showing the fact of Holley's prior felony convictions. The government shall not introduce evidence concerning the nature of those convictions, including that they involved controlled substances or firearms, but if the defendant denies having those prior convictions, the government may respond by introducing evidence of the convictions' nature.

The parties may still object to the evidence addressed by this Order under other applicable evidentiary rules, and the Court shall make additional evidentiary rulings as necessary during trial.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 4 February 2026
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge