IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Northern Division

UNITED STATES OF AMERICA

v.                                                    Criminal Action No. 2:24cr32

RICARDO MONTA HOLLEY,
                    Defendant.

## **ORDER**

This matter comes before the Court on an amended motion to seal filed by the government. (ECF No. 100.) The United States earlier moved the Court to seal its sentencing pleading in this case, (ECF No. 95), but neither explained the basis for this request nor cited to any authority in support of it. (*See* ECF Nos. 96, 97.) Now, the government clarifies that it moved to seal the entirety of its sentencing position "[o]ut of an abundance of caution to protect the privacy of the defendant," but that "only information that is not publicly available by some other means" requires sealing. (ECF No. 100, at 1.) Specifically, the government argues the defendant's "history of substance abuse, education[,] and work" is not publicly available, (*id.*), and the prosecution's sentencing pleading refers to these details, (*see* ECF No. 95, at 5).

But courts do their work in public, and information that parties consider confidential does not automatically qualify for sealing when filed as a court document. Rather, "[t]he public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). Before a court may seal any court document, "it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the

documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Court finds that redacting the defendant's history of substance abuse—in other words, redacting details about Holley's medical history—presents a "less drastic alternative" to blanket sealing of the government's sentencing position. *See Stone*, 855 F.2d at 181. Accordingly, upon due consideration, the Court GRANTS IN PART the government's motion, (ECF No. 100), and DIRECTS the government to file on CM/ECF an unsealed sentencing pleading that redacts only information about the defendant's history of substance abuse. The government SHALL do so by **Monday, June 1, 2026.**

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 29 May 2026
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge